# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Planet Home Lending, LLC** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE: VACANT REAL PROPERTY**<br>85 Botka Hill Road, Livermore, ME 04253 |
| **Lori A. Mardosa a/k/a Lori A. Desousa** | Mortgage: |
| **Defendant** | **November 22, 2002**<br>**Book 5205, Page 58** |

NOW COMES the Plaintiff, Planet Home Lending, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a mortgage loan obligation, currently held/owned by Planet Home Lending LLC, in which the Defendant is the obligor/mortgagor, in regard to real property located at 85 Botka Hill Road, Livermore, ME 04253, presently valued at $104,716.00, thus the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand

($75,000.00) dollars.[1][2] *See* Exhibit A (a true and correct copy of the Town of Livermore, ME Property Assessor Card is attached hereto and incorporated herein).

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Planet Home Lending, LLC is a corporation with its principal place of business located at 321 Research Pkwy, Suite 303, Meriden, CT 06450.

5. The Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, is a resident of Jay, County of Franklin and State of Maine.

## FACTS

6. On November 22, 2002, by virtue of a Warranty Deed from Cynthia Osborne, which is recorded in the Androscoggin County Registry of Deeds in **Book 5205, Page 56**, the property situated at 85 Botka Hill Road, Livermore, County of Androscoggin, and State of Maine, was conveyed to Lori A. Mardosa a/k/a Lori A. Desousa, being more particularly described by the attached Exhibit B.

7. On November 22, 2002, Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, executed and delivered to First Portland Mortgage Corporation a certain Note under seal in the amount of $69,350.00. Defendant, Lori A. Mardosa a/k/a Lori A. Desousa's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a

---

[1] *See Ins. Brokers West, Inc. v. Liquid Outcome, LLC*, 874 F.3d 294, 297 (1st Cir. 2017)(Presumption claim made in good faith inquiry limited to "whether it is 'a legal certainty that the claim is really for less than the jurisdictional amount" *quoting St. Paul Mercury*, 303 U.S. 283, 289, (1938).

[2] The value of the property at issue is the appropriate measure in determining the amount in controversy. *See Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977)(Actions seeking declaratory injunctive relief require review of amount in controversy based on the value of the object of the litigation.); *Barbosa v. Wells Fargo Bank, N.A.*, No. 12-12236-DJC, 2013 WL 4056180, at *4 (D.Mass. Aug. 13, 2013)(Casper, D.J.); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

bankruptcy discharge. *See* Exhibit C (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 22, 2002, Defendant, Lori A. Mardosa a/k/a Lori A. Desousa executed a Mortgage Deed in favor of First Portland Mortgage Corporation, securing the property located at 85 Botka Hill Road, Livermore, ME 04253 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 5205**, **Page 58**. *See* Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Mortgage Electronic Registration Systems, Inc., its successors and assigns, as nominee for Crescent Mortgage Services, Inc. by virtue of an Assignment of Mortgage dated November 22, 2002 and recorded in the Androscoggin County Registry of Deeds in **Book 5205**, **Page 77**, as affected by Ratification of Assignment, dated January 14, 2019, and recorded in the Androscoggin County **Registry of Deeds in Book 10092, Page 115**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage and Ratification of Assignment are attached hereto and incorporated herein).

10. The Mortgage was further assigned to Planet Home Lending, LLC by virtue of a Quitclaim Assignment dated January 14, 2019 and recorded in the Androscoggin County Registry of Deeds in **Book 10092**, **Page 116**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Planet Home Lending, LLC by virtue of an Assignment of Mortgage dated July 9, 2019 and recorded in the Androscoggin County Registry of Deeds in **Book 10134**, **Page 179**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On October 30, 2019, the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

14. The Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, Planet Home Lending, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, Planet Home Lending, LLC, is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, Planet Home Lending, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or the subject note and mortgage were strictly performed.

18. The total debt owed under the Note and Mortgage as of September 25, 2020 is Seventy-One Thousand Six Hundred Forty and 67/100 ($71,640.67) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $51,841.88 |
| Interest | $11,520.73 |
| Escrow Advance | $6,509.56 |
| Recoverable Balance | $1,768.50 |
| Grand Total | $71,640.67 |

19. Per the Town of Livermore Property Assessor Card, the total real value of the subject real property is $104,716, is an appropriate measure in determining the amount in controversy, thus, based upon the Town of Livermore, ME valuation of the subject property at $104,716, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars. *See* Exhibit A.

20. Upon information and belief, the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, is not presently in possession of the subject property originally secured by the Mortgage.

21. Upon information and belief, and based upon information provided by the client, the subject premises is vacant.

## <u>COUNT I – FORECLOSURE AND SALE</u>

22. The Plaintiff, Planet Home Lending, LLC, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 85 Botka Hill Road, Livermore, County of Androscoggin, and State of Maine. *See* Exhibit A.

24. The Plaintiff, Planet Home Lending, LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of

the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Planet Home Lending, LLC, has the right to foreclosure and sale upon the subject property.

25. The Plaintiff, Planet Home Lending, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note. Defendant, Lori A. Mardosa a/k/a Lori A. Desousa's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge, and accordingly this action <u>does not</u> seek personal liability on the part of the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, but only seeks *in rem* judgment against the property.

27. The total debt owed under the Note and Mortgage as of September 25, 2020, if no payments, are made is Seventy-One Thousand Six Hundred Forty and 67/100 ($71,640.67) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $51,841.88 |
| Interest | $11,520.73 |
| Escrow Advance | $6,509.56 |
| Recoverable Balance | $1,768.50 |
| Grand Total | $71,640.67 |

28. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Lori A. Mardosa a/k/a Lori A. Desousa's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, but only seeks *in rem* judgment against the property.

30. Notice in conformity with 14 M.R.S.A. §6111 and/or the subject note and mortgage was sent to the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, on October 30, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

31. The Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, is not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Planet Home Lending, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Lori A. Mardosa a/k/a Lori A. Desousa's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Planet Home Lending, LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, is in breach of the Note by failing to make payment due as of August 1, 2017, and all subsequent payments, however, as affected by Defendant, Lori A. Mardosa a/k/a Lori A. Desousa's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, but only seeks *in rem* judgment against the property;

d) Find that the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

f) Find that while the Defendant, Lori A. Mardosa a/k/a Lori A. Desousa, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 85 Botka Hill Road, Livermore, ME 04253;

g) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Planet Home Lending, LLC,
By its attorneys,

Dated: September 1, 2020

/s/John A. Doonan, Esq.
/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com